**FEN LIN, Chao Kang Lin, Petitioners,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 07–4196–ag.

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

---

\* Pursuant to Federal Rule of Appellate Proce-

dure 43(c)(2), Attorney General Eric H. Hold-

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioners.

Gregory G. Katsas, Acting Asst. Atty. General; Cindy S. Ferrier, Senior Litigation Counsel; Michelle Y.F. Sarko, Atty., Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioners Fen Lin and Chao Kang Lin, natives and citizens of the People's Republic of China, seek review of a September 6, 2007 order of the BIA denying their motion to reopen. *In re Fen Lin and Chao Kang Lin,* Nos. A075 963 261, A070 902 134 (B.I.A. Sept. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

■ The agency did not err in denying petitioners' untimely and number-barred motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Petitioners argue that the BIA erred in concluding that the evidence

er, Jr., is automatically substituted for former Attorney General Alberto R. Gonzales as re-spondent in this case.

they submitted failed to demonstrate material changed country conditions sufficient to excuse the applicable time and numerical limitations. However, we have previously reviewed the BIA's consideration of evidence similar to that which petitioners submitted and have found no error in its conclusion that such evidence is insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–73 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

■ Contrary to petitioners' argument, we lack jurisdiction to consider any argument that the BIA abused its discretion by declining to reopen their proceedings *sua sponte. See Ali,* 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).